## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                               Case No.: 8:15-cr-264-23AAS

**FRED JOSEPH TURNER**
_____/

### ORDER

Mr. Fred Turner seeks leave to conduct discovery and moves this court to order the production of documents. (Docs. 290, 295). The government opposes the motions. (Docs. 294, 302).

### I.   BACKGROUND

Mr. Turner operated Gulfshore Pain and Wellness Centre, a pill mill masquerading as a pain management clinic. (Doc. 302, p. 1). In July 2015, a federal grand jury charged Mr. Turner with conspiracy to bring an alien unlawfully into the United States, conspiracy to distribute and dispense controlled substances, and one substantive count of distributing and dispensing controlled substances. (Doc. 1). In October 2016, the grand jury charged Mr. Turner in a superseding indictment that extended the time frame on the conspiracy to distribute and dispense controlled substances and added three substantive counts of distributing and dispensing controlled substances. (Doc. 61).

Mr. Turner retained Attorneys Alex Stavrou and Patrick Leduc. (Docs. 24, 47). The case proceeded to a jury trial in July 2017. (Docs. 135–144). The jury returned guilty verdicts on all nine counts. (Doc. 143). Mr. Turner appealed to the

Eleventh Circuit, which affirmed. (Docs. 296, 297). Mr. Turner retained Attorney Stephen Crawford after the trial. (Doc. 206). Mr. Turner anticipates filing a 28 U.S.C. § 2255 motion to vacate. (Docs. 290, ¶ 2; 295, ¶ 2).

Apparently proceeding *pro se*,[1] Mr. Turner seeks leave to conduct discovery and moves this court to order the production of requested documents. (Doc. 290). The government opposes Mr. Turner's motion. (Doc. 294). After the government responded, Mr. Turner submitted a second motion specifying in greater detail the discovery sought. (Doc. 295). The court directed the government to respond to Mr. Turner's second motion. (Doc. 298). Before the government's response was due, Attorney Stavrou, Mr. Turner's trial counsel, submitted a notice indicating he would mail four CDs containing Mr. Turner's discovery to Mr. Turner. (Doc. 301). The government opposes Mr. Turner's motion. (Doc. 302).

## II. ANALYSIS

"A habeas petitioner, unlike the usual civil litigant in federal court is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Issacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002). Rule 6(a) of the Rules Governing 28 U.S.C § 2255 provides a party may pursue discovery in a § 2255 proceeding only upon authorization of the court and for "good cause." To

---

[1] The court also notes Mr. Turner submits his motions for discovery styled as a *pro se* litigant. Mr. Turner retained all the attorneys listed, and nothing on the docket reflects the attorneys were hired for one specific portion of Mr. Turner's case. And there are no notations on the docket showing any of Mr. Turner's counsel have been relieved from the case. If Mr. Turner retained any of the attorneys for the current legal proceedings, then the motions must come from the attorneys and not Mr. Turner.

show good cause under Rule 6(a), the petitioner must provide the court with "specific allegation [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Brady*, 520 U.S. at 908–09; *see also Reed v. Culliver*, 244 F. App'x 304, 306 (11th Cir. 2007). However, "good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006).

To begin, Mr. Turner has not moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Since there is no pending § 2255 motion, Mr. Turner's discovery request is premature. Even so, Attorney Stavrou provided notice to the court that he is sending four CDs of discovery to Mr. Turner at his place of incarceration. (Doc. 301). The government stated if the discovery sent by Attorney Stavrou was all the documents produced by the government to the defense, Mr. Turner's receipt of those CDs would satisfy his requests except for the request for unredacted discovery. (Doc. 302, p. 4).

The government states the redactions in the discovery include "patients' personally identifiable information and references to unrelated, ongoing investigations." (*Id.* at p. 5). Mr. Turner provides no specific allegations that the information in the redacted portions of the discovery will allow him to develop facts to help him with his yet-to-be-filed § 2255 motion. Rather, Mr. Turner speculates Ms. Julie Carrier, an employee at Gulfshore, tampered with the medical charts. (Doc. 295, p. 3). Mere speculation does not warrant the entry of an order requiring the government to produce discovery, much less the unredacted versions of redacted

patient information and redacted information for other ongoing criminal investigations unrelated to this criminal case.

## III. CONCLUSION

Mr. Turner does not establish good cause for issuance of an order requiring the government to produce discovery for his to-be-filed § 2255 motion to vacate, set aside, or correct his sentence. Yet, upon receipt of the four CDs sent by Attorney Stavrou, Mr. Turner will have received most of the discovery he requested anyway. He is entitled to no further discovery. Therefore, Mr. Turner's motions for leave to take discovery (Docs. 290, 295) are **DENIED.**

**ORDERED** in Tampa, Florida on January 15, 2020.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:
Fred Turner #62779-018
P.O. Box 3949
Federal Prison Camp
Pensacola, FL 32516.